IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD GENE PHILIPS JR., | CV 21-96-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF MISSOULA POLICE DEPARMTENT, CHIEF JASON WHITE, CPT. R. STEPPER, SGT. M. HEBERT, OFFICER J. HEBERT, OFFICER S. TENNISON, OFFICER M. HOFFMAN, and UNIDENTIFIED OFFICERS, | |
| Defendants, | |

On August 27, 2021, Plaintiff Ronald Gene Philips Jr. filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a Complaint against the above-named Defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights during an encounter with the Defendant police officers on or about March 23, 2021. (Doc. 2). On October 15, 2021, Philips filed a Motion to Enter Evidence. (Doc. 5).

1

## I.      Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On August 27, 2021, Philips completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). The information provided in this application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants Philips' request to proceed in forma pauperis.

## II.      Screening Requirement

Because Philips is proceeding in forma pauperis, the Court must review the Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-

78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake*

*Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.    Philips' Allegations

The following facts are based on the allegations in the Complaint, which are taken as true and construed in the light most favorable to Philips for purposes of the Court's initial review. (Doc. 2).

On or about March 23, 2021, Philips was sitting outside at Missoula's public transit center watching videos on his cell phone and waiting for a bus to arrive when he noticed a police car stopped nearby. Philips went back to watching videos on his phone, and when he looked up again several minutes later he realized the police officer was watching him through his rear view mirror. Philips states he "exercised [his] first amendment right of freedom of expression and extended [his] middle finger to the officer," at which point the officer drove off.

Officer S. Tennison then approached Philips and told him that someone had reported to the police that Philips was "touching vehicles." Philips began recording the encounter on his cell phone. When Philips asked Officer Tennison who had reported him, she told him he "did not need to know any of that." Philips began walking across the parking lot toward the nearby police station, and Officer Tennison twice advised him to stop walking toward her. Philips entered the police

4

station and was approached by Officer M. Hoffman and an unidentified police officer. Philips explained that he was trying to find out who had made a complaint against him, and Officer Tennison advised Philips that he was being detained because there was "a report of [him] taking pictures of vehicles and touching vehicles." Officer M. Hoffman said to Philips "let's go outside" and an unidentified officer asked Philips for his name. Philips refused to identify himself, and told the officers "to just take me to jail we can deal with it there." As Philips was speaking, Captain R. Stepper walked into the building and grabbed Philips' arm, twisted it behind his back, "physically assaulted" him, and "kidnapped" him by forcing him to go outside.

Once they were outside, Captain Stepper told Philips that if he was not there on official business, he would have to leave. When Philips responded that he did have official business, Captain Stepper grabbed Philips' right arm, "physically assault[ed] him, pushed the hand Philips was using to record the encounter, and threw him again a bike rack. Officer Hebert and Sgt. M. Hebert also "assaulted" Philips and "kidnapped" him by forcing him to move 25 feet away. Two or three other unidentified officers "pinned" Philips to a bike rack, and Captain Stepper let him go after giving him a speech on the law. Philips began recording with his cell phone again, and Captain Stepper told him stop and assaulted him again.

5

When Captain Stepper went back inside the police station, Officer Hebert informed Philips that no one had reported him to the police, and the real reason for the stop was because Philips had been following and filming members of the police department. Officer Hebert then advised Philips that he was free to go.

## IV.   Analysis

Based on the facts alleged above, Philips asserts claims under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Sixth, and Eighth Amendments to the United States Constitution. Liberally construed, the Complaint can be read as alleging that: (1) Defendants retaliated against Philips for using a profane hand gesture and verbally challenging them, in violation of his First Amendment free speech rights; (2) Defendants used excessive force during the course of a *Terry* stop in violation of Phillips' Fourth Amendment rights; (3) Defendants refused to identify the individual who reported Philips' behavior to the police, thereby violating his Sixth Amendment right to confront his accuser; and (4) Defendants used excessive force against Philips in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

### A.   Proper Defendant

42 U.S.C. § 1983 provides a cause of action for the violation of federal constitutional rights by persons acting under color of state law. To prevail on a

claim under 42 U.S.C. § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). To be subject to suit under § 1983, a defendant must be a "person" within the meaning of the statute.

For purposes of liability under § 1983, "municipalities and other local governmental units" are considered "persons" within the meaning of the statute, and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005).

Philips names the Missoula Police Department as a Defendant in this action. Because the Missoula Police Department does not exist as a governmental entity or political subdivision with the capacity to be sued under Montana law (Mont. Code Ann. §§ 2-9-101(3), (5) and 2-9-102), it is not a proper defendant with respect to Philips' § 1983 claims, and is subject to dismissal. See *Azure v Great Falls Police Department*, 2018 WL 5298417, at *2-3 (D. Mont. Oct. 25, 2018) (explaining that a police department is not a governmental entity, political subdivision, or municipality with the capacity to be sued under Montana law, which means it is

7

not a "person" within the meaning of § 1983).

To the extent Philips seeks to hold the City of Missoula liable under § 1983, he fails to state a claim for relief. Although a local governmental entity such as the City of Missoula "can be held liable under § 1983 (*Monell*, 436 U.S. at 690), such liability arises only if 'a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.'" *Azure*, 2018 WL 5298417, at *3 (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Thus, to state a cognizable § 1983 claim against a municipality, a plaintiff must allege facts demonstrating that "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Philips has not named the City of Missoula as a defendant, and makes no separate allegations against it. He does not identify any custom or policy that was the moving force behind the alleged constitutional violations. Rather, he alleges his constitutional rights were violated during a single random and isolated encounter with law enforcement. See *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[P]roof of random acts or isolated events" does not rise to the level of a

custom or policy; rather, only a "permanent and well-settled" practice gives rise to municipal liability.)

The Missoula Police Department is not a proper defendant, and Philips' complaint is insufficient to state a claim for relief against the City of Missoula under the standards set forth above.

### B.    Official Capacity Claims

Philips names Police Chief Jaeson White, Captain Stepper, Sergeant Hebert, Officer Hebert, Officer Tennison, and Officer Hoffman as Defendants only in their official capacities. (Doc. 2, at 2-3). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because Philips fails to allege facts demonstrating that a municipal custom or policy was the moving force behind the alleged constitutional violations, his claims against these Defendants in their official capacities are subject to dismissal.

### V.   Conclusion

The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A. The Court will allow Philips to file an amended complaint to cure the defects associated with naming the Missoula

Police Department as a defendant, suing the remaining Defendants only in their official capacities, and the failure to allege a basis for municipal liability.

Philips has also filed a Motion to Enter Evidence requesting to enter video evidence of his encounter with law enforcement, which he states is available on YouTube. Because the Complaint fails to state a claim for relief, this motion is denied.

### A.    Possible Dismissal

If Philips fails to timely comply with every provision of this Order, this case may be dismissed. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action for failure to comply with any order of the court).

### B.    Address Change

At all times during the pendency of this action, Philips must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

For the reasons discussed above, the Court enters the following:

//

//

//

## ORDER

IT IS ORDERED that Philips' motions to proceed in forma pauperis (Doc.

1) is GRANTED and the filing fee is waived. The Complaint is deemed filed on

August 27, 2021.

IT IS FURTHER ORDERED that Philips shall have until December 13,

2021 within which to file an Amended Complaint.

IT IS FURTHER ORDERED that Philips' Motion to Enter Evidence (Doc.

5) is DENIED.

DATED this 29th day of November, 2021

Kathleen L. DeSoto
United States Magistrate Judge

11