IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD GENE PHILIPS JR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MISSOULA POLICE DEPARTMENT, CHIEF JASON WHITE, CPT. R. STEPPER, SGT. M. HEBERT, OFFICER J. HEBERT, OFFICER S. TENNISON, OFFICER M. HOFFMAN, and UNIDENTIFIED OFFICERS, <br><br> Defendants, | CV 21-96-M-DLC-KLD <br><br><br> FINDINGS & RECOMMENDATION |

**I. Background**

On August 27, 2021, Plaintiff Ronald Gene Philips Jr. filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a Complaint against the above-named Defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights during an encounter with the Defendant police officers on or about March 23, 2021. (Doc. 2). On November 29, 2021, the Court issued an order

granting Philips' motion to proceed in forma pauperis. (Doc. 6). The Court also advised Philips that his complaint does not comply with the Federal Rules of Civil Procedure, and gave him the opportunity to amend his pleadings by December 13, 2021. (Doc. 6). Philips did not file an amended pleading or otherwise respond to the Court's order.

On January 18, 2022, the Court entered a show cause order, giving Philips until January 28, 2022 to show cause why this matter should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. 7). As of the date of this Findings & Recommendation, Philips has not responded to the Court's show cause order or made any other filing in the case.

## II. Discussion

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. *Fendler v. Westgate–California Corp.,* 527 F.2d 1168, 1170 (9th Cir.1975). Before dismissing an action as a sanction for failure to prosecute or failure to comply with a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases

on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

Here, four of the five factors weigh in favor of dismissal. The first two factors – the public interest in expeditious resolution of litigation and a court's need to manage its docket – relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). As outlined above, Philips did not file an amended complaint and has not responded to the Court's show cause order. Philips' failure to do so has wasted "valuable time that [the Court] could have devoted to other … criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. The first two factors thus weigh in favor of dismissal.

The third factor also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir.1987). Because Defendants have not been served, they have not yet suffered any actual prejudice. However, given Philips' failure to file an amended complaint or respond to the Court's show cause order, this matter could linger indefinitely, thereby resulting in

a heightened risk of prejudice to the Defendants. See *Yourisch v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (recognizing that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting" and supports dismissal).

Finally, the Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). Based on the record thus far, there is no reason to expect that Philips will respond more satisfactorily if given additional opportunities to comply with the Court's orders and file an amended complaint. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Philips will have an opportunity to file objections to this Findings and Recommendation, which may not technically be considered an "alternative" but will give him the opportunity to challenge the Court's rulings. Having considered less drastic alternatives, the Court finds that this factor weighs in favor of dismissal.

Finally, the fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan,* 291 F.3d at

643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). This factor is outweighed by the factors discussed above, however, all of which weigh in favor of dismissing this matter based on Philips' failure to comply with this Court's orders and prosecute his claims.

For the reasons outlined above, the Court enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that:

1.  Philips' Complaint (Doc. 2) be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

2.  The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Philips may object to this Findings and Recommendation within 14 days.

See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 3rd day of February, 2022

_____
Kathleen L. DeSoto
United States Magistrate Judge